UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:18 CR 487 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| JOSHUA T. MASSEY, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Joshua T. Massey's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), filed on his behalf by counsel. **Doc #: 136**. For the following reasons, the Motion is **DENIED**.

I. **Introduction**

On February 7, 2019, Joshua Massey pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with the intent to distribute 111.07 grams of methamphetamine. Doc #: 53 at 2. The Court sentenced Massey to 46 months in prison followed by three years of supervised release. Doc #: 99. The Court recommended the BOP enroll Massey in the Residential Drug Abuse Program. Id. Massey seeks compassionate release based upon his obesity, unmonitored HIV status, untreated Hepatitis C, Postherpetic Neuralgia, and several mental health conditions which, he says, place him at high risk of serious complications should he contract COVID-19 in prison. So far, Massey has served 28 months, or 59%, of his sentence. His expected release date is November 4, 2021.

**II.     Discussion**

Under § 3852(c)(1)(A)(I), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) factors.[1]  *United States v. Hardin*, No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

**1.     Extraordinary and Compelling Reasons**

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant is held has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *19 (6th Cir. Nov. 20, 2020) ("district courts have full discretion in the interim to determine whether an "extraordinary and compelling" reason justifies compassionate release . . .").[2]

Massey, who is 38 years old, cites the following conditions supporting his claim of extraordinary and compelling reasons warranting a sentence reduction: obesity, asymptomatic

---

[1] Due to significant overlap between factors the Court must consider when analyzing a defendant's danger to the community and the § 3553(a) sentencing factors, the Court will address both in one section *infra*, at 4.

[2] The Government's arguments are based on policy statements issued by the Sentencing Commission, located at U.S.S.G. 1B.13 and commentary n. 1.  As the Sixth Circuit recently held in *Jones*, however, district courts are not bound by and need not consider the U.S.S.G. 1B.13 policy statements in deciding motions for compassionate release filed by criminal defendants.  2020 U.S. App. LEXIS, at *3 ("The First Step Act and COVID-19 have redefined the compassionate release landscape.").  The *Jones* decision was issued on the same day the Government filed its opposition brief; thus, it is entirely understandable for the Government to cite the policy statements.  Because the medical records themselves are undisputed, however, the Court may continue its analysis.

and unmonitored HIV, untreated Hepatitis C, Unspecified Mood Disorder, Borderline Personality Disorder, and Postherpetic Neuralgia.[3] In a Clinic Encounter Note dated October 2, 2020, an examining medical professional named Walters stated that Massey's HIV was "under good control." Doc #: 136-5 at 1. Walters noted, however, that Massey was overdue for followup lab work to check his viral load and CD4 count, which was "delayed due to COVID pandemic." Id. Walters also noted Massey has not been treated for Hepatitis C, but "will be treated as soon as treatment resumes – has been delayed for pandemic." Id. After Massey's Hepatitis C treatment resumes, he will receive a shingles vaccine. Id. at 3.

Obesity has been identified by the Centers for Disease Control and Prevention ("CDC") as a medical condition constituting an increased risk for severe illness from the virus that causes COVID-19.[4] HIV and Hepatitis C are not currently on the CDC's list, but the CDC makes clear its list is not exhaustive.[5] While Massey's HIV is currently asymptomatic, the Court is very concerned about the BOP's apparent inability to facilitate the lab work needed to monitor his HIV. The Court is equally concerned about the BOP's inability to treat Massey's Hepatitis C until the conclusion of the pandemic. In addition to obesity, the Court finds the unmonitored, untreated and serious medical conditions Massey suffers place him at an increased risk of suffering grave complications should he contract the virus in prison.

---

[3]Postherpetic Neuralgia is chronic pain resulting from a case of shingles.

[4]*People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 12/4/2020).

[5]Id.

Furthermore, the Court finds that USP Canaan, where Massey resides, is in the midst of a COVID-19 outbreak based on the latest number of inmates and staff members testing positive for the virus. Currently 107 inmates and 10 staff members have tested positive for COVID-19, and the numbers are increasing every day.[6]

In sum, the Court concludes Massey has satisfied both prongs of the "extraordinary and compelling reasons" test. But that is not the end of the Court's analysis.

### 2. Danger to the safety of any other person or the community and consideration of the sentencing factors under 18 U.S.C. § 3553(a)

For a court to grant compassionate release, it must also find the defendant is not a danger to the safety of any other person or the community. 18 U.S.C. § 3142(g). Section 3142(g) calls for courts to consider (1) the nature of the circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Id. The Court must consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes. 18 U.S.C. §§ 3553(a)(2)(A), (B), (c).

The record shows that Massey has had numerous brushes with the law beginning at the age of 18. Doc #: 67. Many of those crimes involved drugs, i.e., drug abuse (2002, 2011, 2017), drug possession (2007, 2008), aggravated drug possession (2017, 2018), drug paraphernalia (2007, 2017), drug-trafficking conspiracy (2018). The record also shows Massey served three

---

[6]COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 12/4/2020).

years in prison for Felonious Assault (2012), and that he committed the following crimes while on post-release control: attempted escape (2017), escape (2018), aggravated possession of drugs (2017, 2018), and the instant drug-trafficking conspiracy offense (2018). Id. at 7-12. It is noteworthy that Massey participated in numerous self-help programs while in prison for felonious assault such as job training, financial training, and anger management. Id. at 10. Apparently, these programs did little to deter Massey from continuing his criminal conduct.

The Court is not unaware of the experiences and suffering Massey has had to bear over the years. However, it now appears Massey is committed to treatment for his mental health and substance abuse issues through the Challenge Program. And the Court is hopeful Massey will make good use of the course work he is taking to lead a productive and safe life following release. However, based on Massey's *recent* past history, the Court cannot say with full confidence that Massey no longer poses a danger to himself or others, or that he won't commit the same or similar crimes again. Releasing Massey now means that he would spend less time in custody for the instant offense than he spent in custody on his felonious assault charge. Such a modification would fail to reflect the seriousness of the offense he committed while on post release control, promote respect for the law, or provide just punishment for it.[7]

### III. Conclusion

Joshua Massey has shown extraordinary and compelling reasons justifying a sentence modification. However, he has failed to show he is no longer a danger to himself or others, or

---

[7] The Court has viewed Massey's video provided by counsel that shows he is a very talented dancer. https://www.youtube.com/watch?v=tYjk2G2c6M . With his mentoring skills, Massey has the opportunity to earn a decent living as a dance choreographer or instructor.

that the sentencing factors favor his release.  Accordingly, the Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is denied.  **Doc #: 136** .

    **IT IS SO ORDERED.**

                                                 */s/ Dan A. Polster     December 7, 2020*
                                                 **Dan Aaron Polster**
                                                 **United States District Judge**